UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE SIMMS, | No. 2:22-cv-01793 AC |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

////

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

While an inmate at California State Prison-Sacramento, plaintiff was denied the use of the prison chapel to freely exercise his faith. Plaintiff also alleges that his Kosher meals were spoiled by the time that he received them. He notified the prison warden of the problems related to his meals, and plaintiff ultimately decided to go on a hunger strike. Plaintiff sues Jeff Lynch, the prison warden, and three "unknown persons of the religious committee" at the prison. ECF No. 1 at 2. By way of relief, plaintiff seeks an injunctive order granting him access to the prison chapel as well as monetary compensation.

### IV. Legal Standards Governing First Amendment Claim

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security. We determine whether these competing interests are balanced properly by applying a reasonableness test: When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citations and internal quotation marks omitted); see also Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008) ("Once the plaintiff establishes that the challenged state action

3

substantially burdens his religious exercise, the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest.").

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, and alterations omitted).

V.     Failure to State a Claim

Although plaintiff has named the prison warden as a defendant, supervisory officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). In this case, the complaint does not allege that defendant Lynch personally participated in the decision to deny plaintiff access to the prison chapel. Thus, he has not adequately linked defendant Lynch to the asserted constitutional violation in the complaint.

Additionally, plaintiff is informed that the civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person

'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  Plaintiff has failed to adequately link either defendant Lynch or the "unknown persons" on the Religious Committee to any affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

VI.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim. You need to describe how each individual defendant is responsible for the asserted constitutional violation in order to state a claim. You may amend your complaint to try to fix this problem. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

////

 5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 22, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7